**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CORINA HOPE ZAIZAY,<br><br>Debtor. | Bankruptcy Case No. 26-15243 TBM<br>Chapter 7 |

## ORDER DENYING MOTION TO REINSTATE

THIS MATTER comes before the Court on “Request for Reinstatement of Bankruptcy Case” (Docket No. 17, the “Motion”) filed by Corina Hope Zaizay (the “Debtor”).

## <u>Background</u>

The Debtor filed a voluntary petition for relief under Chapter 7 on July 21, 2026 (the “Petition Date”). She also filed a “Statement About Your Social Security Numbers” (Docket No. 3) and an “Application for Individuals to Pay the Filing Fee in Installments” (Docket No. 4, the “Application”), among other things. This case was highly deficient, in that the Debtor did not file all required documents with her initial filing.

The day after the Petition Date, the Court issued two documents: (1) an “Order for Payment of Filing Fees in Installments and Notice of Dismissal in the Event of Default” (Docket No. 8, the “Fee Schedule Order”); and (2) a “Notice of Deficiency” (Docket No. 9, the “Notice of Deficiency”).

In Fee Schedule Order, the Court ordered the Debtor to make the first installment payment of $126 on August 4, 2026, and a second installment payment of $106 on September 1, 2026, along with further payments. The Clerk of the Court warned in the Fee Schedule Order: “The Debtor is advised that failure to pay the statutory filing fees as set forth above shall constitute cause for dismissal, and Debtor may be further barred from filing a petition in this Court for 180 days pursuant to Title 11 U.S.C. § 109(g).”

In the Notice of Deficiency, the Court identified a number of documents that the Debtor had failed to file with her petition, including:

- Statement of Financial Affairs;
- Summary of Assets and Liabilities and Certain Statistical Information;
- Declaration About an Individual Debtor's Schedules Official Form 106Dec;

- Chapter 7 Statement of Your Current Monthly Income Official Form 122A-1;
- Statement of Exemption from Presumption of Abuse Under § 707(b)(2), Official Form 122A-1 Supp, if applicable; and
- Chapter 7 Means Test Calculation, Official Form 122A-2, if necessary.

The Clerk notified that Debtor that all such documents were due by August 4, 2026, and warned: "**Your case is subject to dismissal if you fail to file the missing documents by the above date.**" (Docket No. 9, bolding in original.)

The Fee Schedule Order and the Notice of Deficiency were sent to the Debtor at her address of record. (Docket Nos. 10 and 12.)

The Debtor failed to pay the first installment due on her filing fee by August 4, 2026. Accordingly, the Clerk of the Court issued a "Notice of Impending Dismissal" (Docket No. 13). Therein the Clerk advised as follows:

> NOTICE IS HEREBY GIVEN that the past-due installment payment must be **received** by the Court within **14 days** of the date of this Notice. **The remaining filing fee installment schedule set forth in the Court's prior Order is unchanged.** This is the final notice for payment of the past-due installment payment and remaining installment payment(s).
>
> **You must meet all future payment deadlines, as failure to make any payment by the deadline in this Notice or any deadline previously established by the Court will result in the dismissal of the case without further notice to the Debtor(s).**

(Docket No. 13, bolding in original.) Like the Fee Schedule Order and the Notice of Deficiency, the Notice of Impending Dismissal was sent to the Debtor at her address of record at the time. (Docket No. 14.)[1]

The Debtor failed to pay the filing fee as required. Therefore, on August 27, 2026, the Court entered an "Order Dismissing Chapter 7 Case Pursuant to 11 U.S.C. § 707(a)(2) for Nonpayment of Fees" (Docket No. 15, the "Dismissal Order").

Eight days later, on September 4, 2026, the Debtor filed the Motion and paid $232 toward her filing fee. In the Motion, the Debtor states, in relevant part:

---

[1] On the Petition Date, the Debtor listed her address as: "3930 N Salida St, Aurora, CO 80011." (Docket No. 1 at 2.) On September 4, 2026, the Debtor filed a "Notice of Change of Address" (Docket No. 18) wherein she listed her address as: 3930 N Salida St Bldg 3 - Apt. 304 Aurora, CO 80011.

> I am respectfully writing to request that the Court reinstate my Chapter 7 bankruptcy case.
>
> I understand that my bankruptcy case was dismissed because the required installment filing fees were not paid as scheduled. I sincerely apologize for failing to make the required payments. However, I did not receive the mail or notice informing me that I was required to begin making installment payments or providing me with the payment schedule.
>
> Because I did not receive the notice, I was unaware that payment was due and did not intentionally fail to comply with the Court's requirements.
>
> I respectfully ask the Court to consider reinstating my Chapter 7 case and allowing me the opportunity to bring the filing fees current and comply with all payment requirements. I am prepared to make the required payments and follow any instructions or deadlines established by the Court.
>
> I respectfully request that the Court consider the circumstances surrounding my failure to make the payments and grant my request for reinstatement so that I may continue with my bankruptcy case.

The Debtor did not file any of the documents listed in the Notice of Deficiency.

## Legal Analysis

The Debtor has failed to cite any legal authority in support of the Motion. Perhaps the Debtor wished to rely on Fed. R. Civ. P. 59 or 60, as incorporated by Fed. R. Bankr. P. 9023 and 9024. Three major grounds justify reconsideration under the foregoing Rules: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice and holding that motion to reconsider is appropriate where court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, the Debtor's argument that her case should be reinstated because she did not receive notice of the important deadlines in her case does not state an adequate ground for reinstatement where the Court sent the Fee Schedule Order, Notice of Deficiency, and Notice of Impending Dismissal to the Debtor at the address the Debtor herself provided.[2] *See Davis v. Case (In re Davis),* 275 B.R. 864, 866-67 (8th Cir. BAP 2002), *aff'd* 55 Fed. Appx. 789 (8th Cir. 2003) (affirming the dismissal of a bankruptcy case where notices were sent to the address provided by the debtor in his petition). *See also*, *e.g.*, *In re Vincze*, 230 F.3d 297, 298 (7th Cir. 2000); *Banks v. Moore (In re Banks)*, 2006 WL 2818950, at *2 (3d Cir. Oct. 3, 2006) (holding that due process was satisfied in adversary proceeding even though debtor did not receive notice of new trial date because he was in prison, where notice of new trial date was sent to debtor's address of record and debtor did not apprise bankruptcy court of his new prison address until after the court had entered its order granting judgment in favor of creditor); *In re Villarreal*, 304 B.R. 882, 886 (8th Cir. BAP 2004) ("Where

---

[2] In Part 1 of the Debtor's Voluntary Petition, she was required to list her mailing address, and was specifically advised, "**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address." (Docket No. 1 at 2, bolding in original.) As such, the Debtor was on notice that the Court would send all notices related to her case to the address she listed, and should have taken care to list the appropriate mailing address in her Petition.

notice is sent to the address listed by the Debtor in his petition, due process is satisfied.")*; In re Davis,* 275 B.R. 864, 866-67 (8th Cir. BAP 2002) ("The debtor who fails to keep the court apprised of his proper mailing address has only himself to blame."); *Green Tree Fin. Servicing Corp. v. Karbel* (In re Karbel), 220 B.R. 108, 112-113 (10th Cir. BAP 1998) (and cases cited therein) (same).

Further, in this case, denying reconsideration of the Court's order will not result in manifest injustice because the Debtor will be able to file a new bankruptcy case if she chooses to do so.

**Order**

Because the Debtor has not met her burden under Fed. R. Civ. P. 59 or 60, as incorporated by Fed. R. Bankr. P. 9023 and 9024, it is

ORDERED that the Motion is DENIED. The Debtor's case remains dismissed.[3]

DATED this 15th day of September, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge

---

[3] If the Debtor files a new bankruptcy case, the Debtor should also take care to include all required documents (including the Section 109(h) Certificate, petition, schedules, statement of financial affairs and creditor matrix) as well as her telephone number and other contact information (including an email address, if the Debtor has an email address) in her case filing. Further, if the Debtor files again, the Court *strongly encourages* the Debtor to seek the assistance of counsel. Prosecution of matters in bankruptcy court requires familiarity with the Bankruptcy Code, the Federal Rules of Bankruptcy and Civil Procedure, and the Local Rules of this Court and the interplay among them. The Bankruptcy Court and its staff are not permitted to advise debtors or other parties about how to proceed. If the Debtor continues to file matters in this case, the Debtor will be held to the same standard as parties represented by counsel. However, the Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost. The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866. Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan. Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance. Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321. Its website is http://www.coloradolegalservices.org. Other organizations also might be able to provide *pro bono* legal services. *See* https://www.denbar.org/Public/Pro-Bono-Legal-Assistance.